1  | Stan S. Mallison, (SBN 184191)
2  | Hector R. Martinez (SBN 206336)
   | Marco A. Palau (SBN 242340)
3  | Joe D. Sutton (SBN 269951)
   | **MALLISON & MARTINEZ**
4  | 1939 Harrison Street, Suite 730
   | Oakland, California 94612-3547
5  | Telephone:    (510) 832-9999
   | Facsimile:    (510) 832 1101
6
   | Counsel for Plaintiffs ANGEL URIBE and GUSTAVO URIBE
7

8

9                **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11                          CV12- 08351DDP(PLA)

12  | ANGEL URIBE and GUSTAVO URIBE          ) **COMPLAINT**
                                             )
13  |            Plaintiffs,                  )   1. **Unlawful Employment**
                                             )      **Discrimination Based on Sex (Title**
14                                           )      **VII)**
                                             )   2. **Unlawful Employment**
15  | v.                                      )      **Discrimination Based on Race (Title**
                                             )      **VII)**
16                                           )   3. **Unlawful Employment**
    | ALL STATE CLEANING, CLASSEN            )      **Discrimination Based on Sex (Cal.**
17  | ENTERPRISES INC. and CARLOS MUNGUIA    )      **Govt. Code 12940)**
                                             )   4. **Unlawful Employment**
18  |            Defendant.                   )      **Discrimination Based on Race (Cal.**
                                             )      **Govt. Code 12940)**
19                                           )   5. **Hostile Work Environment- Sexual**
                                             )      **Harassment (Title VII)**
20                                           )   6. **Hostile Work Environment- Sexual**
                                             )      **Harassment (Cal Govt. Code 12940)**
21                                           )   7. **Aiding and Abetting Sexual**
                                             )      **Harassment, Sex and Race**
22                                           )      **Discrimination (Cal. Govt. Code**
                                             )      **12940)**
23                                           )   8. **Failure to Prevent Discrimination**
                                             )      **and Harassment (Gov. Code §12940)**
24                                           )   9. **Violations of the Americans with**
                                             )      **Disabilities Act**
25                                           )
                                             ) **DEMAND FOR JURY TRIAL**
26                                           )

27

28

   | **COMPLAINT**

## I.   NATURE OF ACTION

1.      This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, the California Fair Employment and housing Act, California Government Code §§12940 et seq. (the "FEHA"), the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., and other California statutory and common law theories to correct unlawful employment practices relating to sex, race, and disabilities and to provide appropriate relief to ANGEL URIBE and GUSTAVO URIBE who were adversely affected by such practices.  This action is brought by current and former employees: ANGEL URIBE and GUSTAVO URIBE against defendants ALL STATE CLEANING ("ALL STATE"), CLASSEN ENTERPRISES INC. ("CLASSEN"), and individual defendant CARLOS MUNGUIA ("MUNGUIA")(collectively with corporate defendants "DEFENDANTS").  PLAINTIFF ANGEL URIBE (aka Paola Uribe) and GUSTAVO URIBE was subjected to a race discrimination based upon their race, ANGEL URIBE was subjected to sexual harassment by CARLOS MUNGUIA based upon her sex during her employment with ALL STATE'S predecessor company CLASSEN.  As described below, ALL STATE is liable under the principles of successor liability.  GUSTAVO URIBE was subjected to discrimination based upon his disabilities by ALL STATE'S predecessor company CLASSEN.  As described below, ALL STATE is liable under the principles of successor liability.

## II.   JURISDICTION AND VENUE

2.      PLAINTIFFS claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000(e), et seq ("Title VII") and 29.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1337, and 1343(a)(4), the Americans With Disabilities Act, 42 U.S.C. 12101, and other provisions of Federal law.  This Court has supplemental jurisdiction over PLAINTIFF'S claims brought under the California FEHA and other state statutory and common law remedies pursuant to 28 U.S.C. §1367.  Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e(f) and (g), as amended, and applicable provisions of California State law including, but not limited to FEHA.  Jurisdiction in

COMPLAINT

1  this court is proper because the employment practices that PLAINTIFFS allege to be unlawful

2  were and now being committed in California within the jurisdiction of the United States District

3  Court for the Central District of California.

4

5                           **III.  PARTIES**

6        3.      Plaintiff ANGEL URIBE ("ANGEL") is a California resident.  At all relevant times

7  herein, ANGEL has been employed by Classen Enterprises as a non-exempt employee.

8        4.      Plaintiff GUSTAVO URIBE ("GUSTAVO") is a California resident.  At all

9  relevant times herein, GUSTAVO has been employed by Classen Enterprises as a non-exempt

10  employee.

11       5.      On information and belief, DEFENDANT ALL STATE CLEANING, L.P. ("ALL

12  STATE") is large facility services contractors with in excess of 100 employees and a Limited

13  Partnership.  On information and belief, ALL STATE is a successor in interest to Classen

14  Enterprises Corporation.  ALL STATE's website (www.venturawaterdamage.com) which goes

15  under the name "ServiceMaster Clean by T.A. Russell" provides a "about us" which states:

16             The Ventura location of ServiceMaster Clean has been in business locally
               since 1985. However, as of July 1, 2008, it is under the new ownership of
17             the T.A. Russell franchise. Owners Todd Russell, Bruce Mason and Ben
               Russell own three additional franchises in Los Angeles, CA, Las Cruces,
18             NM, and Albuquerque, NM. They have developed their businesses into the
               top Disaster Restoration businesses in the country.
19
20  ALL STATE workers such as PLAINTIFFS do all of the above-described janitorial work, and

21  from which all of the profits obtained by ALL STATE for janitorial services are derived.  On

22  information and belief, Defendant ALL STATE is a successor company to Classen Enterprises

23  because, among other reasons, most of the original employees of Classen Enterprises were hired by

24  ALL STATE, most of the customer accounts were taken over, the Franchise agreement was

25  assumed or taken over with the Corporate ServiceMaster corporation, Classen Enterprises have

26  declared bankruptcy calling into question the ability of the predecessor to provide adequate relief

27  directly, and Classen and ALL STATE were on notice of the claims in this suit prior to Classen's

28  sale to ALL STATE because of the EEOC filings in this case. Furthermore, on information and

                                    - 3 -

1  belief the business was sold by Classen Enterprises only after numerous employee lawsuits and

2  complaints were filed including a wage and hour class action case and the underlying EEOC

3  charge in this case and was sold for less than full value. The owner of Classen Enterprises

4  immediately thereafter declared bankruptcy in an attempt to evade these clear liabilities. Classen

5  Enterprises has since been dissolved according to the California Business Portal. The corporate

6  transaction and subsequent bankrupty appears intended to carry out a fraud by divesting employees

7  of the opportunity to obtain wages owed and recovery for other damages to employees caused by

8  Classen Enterprises. ALL STATE is listed on the California State Business Portal as being located

9  on 2735 Teepee Drive Drive Suit E, Stockton California 95206. The Agent for Service of Process

10  is listed as Blain F. Bibb, 2735 Teeppee Drive Suite E, Stockton CA 95205. On information and

11  belief, the CEO of ALL STATE is Blain Bibb who lists on his Linkedin Summary:

> After graduating college in 1995 with a degree in finance and practicing real
> estate appraisal as a licensed appraiser in California, I took an unexpected
> career direction in the cleaning industry. I joined a fledgling ServiceMaster
> franchise in Merced California, then went to work for the franchisor and
> spent 10 years in various roles. With the ultimate goal of owning my own
> ServiceMaster business, I made the move in 2007 purchasing two
> commercial cleaning franchises in Stockton, CA and San Diego, CA. In
> 2012, we expanded to Ventura/Oxnard, CA.

16

17  6.      On information and belief, Defendant CLASSEN ENTERPRISES INC. is, or was, a

18  large facility services contractor with in excess of 100 employees. The liabilities of CLASSEN

19  ENTERPRISES have become the liabilities of ALL STATE CLEANING L.P. by means of

20  successor liability as described above. Classen Enterprises is listed on the California Business

21  Portal as "Dissolved" but has a business address of 2264 Goodyear Ave, Suite A,Ventura CA

22  93003. The agent for service of process is Ron Classen and the agent's listed address is 4689

23  Refugio Court, Camarillo CA 93012.

24  7.      Except as noted above, at all relevant times, CLASSEN and SERVICEMASTER

25  has continuously been an employer engaged in an industry affecting commerce within the meaning

26  of Sections 701(b) (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

27  8.      On information and belief, at all relevant times, Classen and SERVICEMASTER

28  have continuously been doing business in the State of California, and have had at least 15

- 4 -

1  employees.

2      9.     Defendant CARLOS MUNGUIA ("MUNGUIA") is a resident of California.

3  MUNGUIA sexually harassed ANGEL URIBE by physically attacking her.

4      10.    PLAINTIFFS are ignorant of the true names and capacities of each Defendant sued

5  as DOES 1 through 10, inclusively, and therefore Plaintiff sues said Defendants by fictitious

6  names. PLAINTIFFS reserve the right to amend the complaint to name each DOE defendant

7  individually or collectively as they become known. PLAINTIFFS allege that each DOE defendant

8  was in some manner responsible for the acts and omissions alleged herein and PLAINTIFFS will

9  amend the complaint to allege such responsibility when the same shall have been ascertained by

10  PLAINTIFFS.

11      11.    All of the acts and failures to act alleged herein were duly performed by and

12  attributable to all DOES, each acting as a successor, agent, alter ego, employee, indirect employer,

13  joint employer, integrated enterprise and/or or under the direction and control of the other DOES

14  and named Defendants, except as specifically alleged otherwise. Said acts and failures to act were

15  within the scope of such agency and/or employment, and each DOE participated in, approved

16  and/or ratified the unlawful acts and omissions by the other DOES and Defendants complained of

17  herein. Whenever and wherever reference is made in this Complaint to any act by a DOE or

18  DOES, such allegations and reference shall also be deemed to mean the acts and failures to act of

19  each DOE and named Defendants acting individually, jointly, and/or severally.

20

21                    IV.  STATEMENT OF CLAIMS

22      12.    Prior to the institution of this lawsuit, ANGEL URIBE and GUSTAVO URIBE

23  employee filed charges with the EEOC alleging violations of Title VII and the by DEFENDANTS.

24  The Commission has issued a right to sue permitting Plaintiffs to sue DEFENDANTS.  All

25  conditions precedent to the institution of this lawsuit have been fulfilled and this suit has been filed

26  timely.

27      13.    DEFENDANTS have engaged in unlawful employment practices and in a pattern of

28

- 5 -

such practices in violation of Section 703 and 707 of Title VII, 42 U.S.C. §2000e-2, by subjecting ANGEL URIBE to a sexually harassing hostile environment. The sexually harassing behavior was perpetrated by supervisor CARLOS MUNGUIA and included, but was not limited to the following: unwelcome touching, sexual assault, explicit sexual commentary. Supervisor CARLOS MUNGUIA repeatedly sexually assaulted ANGEL URIBE, made sexually assertive comments to ANGEL URIBE, groped her private parts with his hands, and finally attempted to physically force her to have sex.

14.     The effect of the practices complained of above has been to deprive ANGEL URIBE of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex.

15.     The unlawful employment practices complained of above were and are willful within the meaning of §706(f)(l) and (3), 706(g)(l), and 707 of Title VII, 42 U.S.C., §2000e-5(f)(l) and (3), (g)(l), and 2000e-6.

16.     The unlawful employment practices complained of above were and are intentional and provides ANGEL URIBE a claim of emotional injury for damages ordinarily associated with a conventional claim for pain and suffering.

17.     The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of ANGEL URIBE.

18.     Defendant also paid employees unequally based upon their race. In particular, Hispanic employees were paid substantially less than equally qualified and situated Anglo employees. Both ANGEL URIBE and GUSTAVO URIBE were affected by this practice and harmed monetarily and in otherways and provides PLAINTIFFS with a claim of emotional injury for damages ordinarily associated with a conventional claim for pain and suffering.. These practices were willful and unlawful under Title VII and under the FEHA.

19.     Defendant also failed to provide a reasonable accommodation to Gustavo URIBE for his documented disability which included an inability to work with Bleach. Defendants' refusal to provide the reasonable accommodation was knowing and purposeful and violated the Americans with Disabilities Act as described herein.

- 6 -

COMPLAINT

20.     All references to emotion distress or other claims for harm to the emotional state of either Plaintiff refers to the emotional distress that a typical or normal employee under the circumstances at issue in the complaint would endure and therefore no actual issue of the mental state of ANGEL URIBE or GUSTAVO URIBE is at issue or alleged in this complaint. PLAINTIFFS' claim of emotional injury is for damages ordinarily associated with a conventional claim for pain and suffering.

**A.     FIRST CLAIM FOR RELIEF:  UNLAWFUL EMPLOYMENT DISCRIMINATION BASED ON SEX (TITLE VII, 42 U.S.C. §2000E-2(A)(L))**

21.     PLAINTIFF ANGEL URIBE hereby incorporates by reference each and every allegation contained in the above paragraphs of this complaint as though fully set forth herein.

22.     Defendants unlawfully discriminated against ANGEL URIBE based on her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16.

23.     Defendants treated PLAINTIFF ANGEL URIBE less favorably than similarly situated male employees, subjecting them to discrimination terms and conditions of their employment in violation of Title VII of the Civil Rights Act of 1964, as amended, including, but not limited to degrading comments, criticism of their work for not accepting the sexual advances of CARLOS MUNGUIA, conditioning of work and work privileges upon sexual favors to CARLOS MUNGUIA.  Additionally, Defendants subjected ANGEL URIBE to unwelcome sexual advances, unwelcome sexual touching, sexual assault, comments, insults and degrading and humiliating conduct and/or failed to take steps reasonably calculated to end the sexual harassment of and discrimination against ANGEL URIBE as described above.

24.     Defendants' acts of discrimination against ANGEL URIBE on the basis of sex were wanton, willful and intentional, and were committed with malicious and reckless disregard of the rights and sensibilities of ANGEL URIBE.

25.     As a direct and proximate result of the aforesaid discrimination based on ANGEL URIBE's sex, ANGEL URIBE has sustained a loss of earnings and other benefits. She also has

COMPLAINT

suffered physical injuries and emotional distress, and emotional distress manifested by feelings of humiliation, embarrassment, anxiety, nervousness and other symptoms of stress. PLAINTIFFS' claim of emotional injury is for damages ordinarily associated with a conventional claim for pain and suffering.

26.    WHEREFORE, ANGEL URIBE requests relief as hereinafter provided.

**B.    SECOND CLAIM FOR RELIEF:  UNLAWFUL EMPLOYMENT DISCRIMINATION BASED ON RACE (TITLE VII, 42 U.S.C. §2000E-2(A))**

27.    PLAINTIFFS ANGEL URIBE and GUSTAVO URIBE  hereby incorporates by reference each and every allegation contained in the above paragraphs of this complaint as though fully set forth herein.

28.    Defendants unlawfully discriminated against PLAINTIFFS ANGEL URIBE and GUSTAVO based on their race in violation of Title VII of the Civil Rights Act of 1964.

29.    Defendants treated ANGEL URIBE and GUSTAVO URIBE less favorably than similarly situated ANGLO employees, subjecting them to discrimination terms and conditions of their employment in violation of Title VII of the Civil Rights Act of 1964, as amended, including, but not limited to paying less to Hispanic employees for the same work conducted by employees with the same relevant qualifications and failing to promote in the same manner as Anglo employees.

30.    Defendants' acts of discrimination against ANGEL URIBE and GUSTAVO URIBE on the basis of race were wanton, willful and intentional, and were committed with malicious and reckless disregard of the rights and sensibilities of the ANGEL URIBE and GUSTAVO URIBE.

31.    As a direct and proximate result of the aforesaid discrimination based on ANGEL URIBE and GUSTAVO URIBE's race, ANGEL URIBE and GUSTAVO URIBE have sustained a loss of earnings and other benefits.

32.    WHEREFORE, ANGEL URIBE and GUSTAVO URIBE request relief as hereinafter provided.

- 8 -

COMPLAINT

**C.    THIRD CLAIM FOR RELIEF:  UNLAWFUL EMPLOYMENT DISCRIMINATION BASED ON SEX (CALIFORNIA GOVERNMENT CODE §12940(A))**

33.    ANGEL URIBE hereby incorporates by reference each and every allegation contained above of this complaint as though fully set forth herein.

34.    At all times material hereto, Defendants owed ANGEL URIBE a duty not to discriminate against them in the terms and conditions of their employment on the basis of her sex as mandated by the Fair Employment and Housing Act, Government Code Section 12940(a).

35.    In violation of the aforesaid duty, Defendants treated ANGEL URIBE less favorably than similarly situated male employees, subjecting them to discrimination in working conditions, benefits, and in other terms and conditions of their employment including, but not limited to: degrading comments, sexual assault, and criticism of their work for not accepting the sexual advances of supervisor CARLOS MUNGUIA. Additionally, Defendants subjected ANGEL URIBE to unwelcome sexual advances, unwelcome sexual touching, comments, insults and degrading and humiliating conduct and/or failed to take steps reasonably calculated to end the sexual harassment of and discrimination against ANGEL URIBE as described above.

36.    Defendants' decisions to take the adverse actions against ANGEL URIBE including, but not limited to those described in the previous paragraph, were wanton, willful and intentional, and were committed with malicious and reckless disregard for the rights and sensibilities of ANGEL URIBE.

37.    As a direct and proximate result of the aforesaid discrimination based on sex, Plaintiffs have sustained harm including emotional stress and the loss of compensation, including but not limited to, wages and other benefits that she otherwise would have received.

38.    Defendants, acting individually and/or by and through their managing agents, officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring ANGEL URIBE, and acted with an improper and evil motive amounting to malice, and in conscious disregard of ANGEL URIBE's rights. Accordingly, ANGEL URIBE is entitled to recover punitive damages from Defendants in an amount according to proof.

- 9 -

COMPLAINT

1    39.    ANGEL URIBE is entitled to recover attorneys' fees under Government Code

2 section 12940, et sea. or any other law providing for recovery of attorneys' fees.

3    40.    WHEREFORE, ANGEL URIBE requests relief as hereinafter provided.

4

5  **D.    FOURTH CLAIM FOR RELIEF:  UNLAWFUL EMPLOYMENT
       DISCRIMINATION BASED ON RACE (CALIFORNIA GOVERNMENT CODE
6      §12940(A))**

7    41.    ANGEL URIBE and  GUSTAVO URIBE hereby incorporates by reference each

8 and every allegation contained above of this complaint as though fully set forth herein.

9    42.    At all times material hereto, Defendants owed ANGEL URIBE and  GUSTAVO

10 URIBE a duty not to discriminate against them in the terms and conditions of their employment on

11 the basis of their race as mandated by the Fair Employment and Housing Act, Government Code

12 Section 12940(a).

13    43.    In violation of the aforesaid duty, Defendants treated ANGEL URIBE and

14 GUSTAVO URIBE less favorably than similarly situated Anglo employees, subjecting them to

15 discrimination in working conditions, benefits, and in other terms and conditions of their

16 employment including, but not limited to: lower pay and fewer promotion opportunities.  All race

17 discrimination was conducted by the owners, managers or supervisors of ANGEL URIBE and

18 GUSTAVO URIBE.

19    44.    Defendants' decisions to take the adverse actions against ANGEL URIBE and

20 GUSTAVO URIBE including, but not limited to those described in the previous paragraph, were

21 wanton, willful and intentional, and were committed with malicious and reckless disregard for the

22 rights and sensibilities of ANGEL URIBE and GUSTAVO URIBE.

23    45.    As a direct and proximate result of the aforesaid discrimination based on sex,

24 Plaintiffs have sustained harm including loss of compensation, including but not limited to, wages

25 and other benefits that they otherwise would have received.

26    46.    Defendants, acting individually and/or by and through their managing agents,

27 officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively,

28

- 10 -

COMPLAINT

1    with the wrongful intention of injuring ANGEL URIBE and GUSTAVO URIBE, and acted with

2    an improper and evil motive amounting to malice, and in conscious disregard of ANGEL URIBE

3    and GUSTAVO URIBE's rights. Accordingly, ANGEL URIBE and GUSTAVO URIBE are

4    entitled to recover punitive damages from Defendants in an amount according to proof.

5         47.    ANGEL URIBE and GUSTAVO URIBE are entitled to recover attorneys' fees

6    under Government Code section 12940, et sea. or any other law providing for recovery of

7    attorneys' fees.

8         48.    WHEREFORE, ANGEL URIBE and GUSTAVO URIBE requests relief as

9    hereinafter provided.

10

11    **E.    FIFTH CLAIM FOR RELIEF:  HOSTILE ENVIRONMENT SEXUAL**

12    **HARASSMENT (TITLE VII, 42 U.S.C. § 2000E-2(A)(L))**

13         49.    ANGEL URIBE hereby incorporate by reference each and every allegation stated

14    above as though fully set forth herein.

15         50.    This action is brought under Title VII of the Civil Rights Act of 1964, as amended,

16    42 U.S.C.A. § 2000 et seq.  ANGEL URIBE is a woman and as such is a member of a group

17    protected under TITLE VII from discrimination on the basis of sex.

18         51.    Defendants violated ANGEL URIBE's rights under Title VII by subjecting ANGEL

19    URIBE to unwelcome sexual comments and acts and permitting and encouraging a work

20    environment in which ANGEL URIBE was subjected to ridicule, harassment, discrimination and

21    intimidation because of her sex, unwelcome sexual advances, unwelcome sexual touching,

22    comments, insults and degrading and humiliating conduct by supervisor CARLOS MUNGUIA.

23         52.    ANGEL URIBE did not welcome the conduct described above and advised

24    Defendants or Defendants knew that such conduct was not welcome.

25         53.    Defendants' aforesaid acts of harassment were wanton, willful and intentional, and

26    were committed with malicious and reckless disregard for the rights and sensibilities of ANGEL

27    URIBE.

28         54.    Defendants participated in creating and maintaining a hostile work environment and

- 11 -

failed to investigate, stop, or prevent the incidents of sexual harassment even after Defendants' employees gave notice of such incidents.

55.    As a direct and proximate result of the aforesaid harassment based on sex, ANGEL URIBE has sustained injury in the form of emotional distress, humiliation, embarrassment, physical injury and mental anguish, all to their damage in amounts to be established at trial.

56.    The harassment adversely affected the ANGEL URIBE's psychological well-being.

57.    The harassment unreasonably interfered with ANGEL URIBE's work performance.

58.    The harassment to which ANGEL URIBE was subjected to would affect the psychological well-being and unreasonably interfere with the work performance of a reasonable person of ANGEL URIBE's sex.

59.    Sexual harassment was sufficiently widespread, pervasive, and prevalent at the workplace of Defendants and at all times pertinent hereto to charge Defendants with constructive notice of it.

60.    Prior to filing a charge with the EEOC, ANGEL URIBE gave Defendants notice of sexual harassment.

61.    Defendants failed to investigate ANGEL URIBE's complaints.

62.    Defendants failed to take adequate remedial action.

63.    Following ANGEL URIBE's complaints and the response of Defendants the harassment of ANGEL URIBE continued.

64.    Defendants had the power to alter or affect the terms and conditions of the employment of ANGEL URIBE by firing, transferring, altering their work schedule and/or evaluating their work performance and by discharging CARLOS MUNGUIA.

65.    Defendants had the power to alter or affect the terms and conditions of the employment ANGEL URIBE by firing, transferring, altering their work schedules and/or evaluating their work performance.

66.    Supervisor and Defendant CARLOS MUNGUIA was acting within his scope of employment.

67.    Defendants acted with malice and with reckless indifference to PLAINTIFF civil

- 12 -

COMPLAINT

1   rights and emotional and physical well-being.

2        68.    WHEREFORE, ANGEL URIBE requests relief as hereinafter provided.

3   **F.    SIXTH CLAIM FOR RELIEF: HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT (CALIFORNIA GOVERNMENT CODE § 12940)**

4

5        69.    ANGEL URIBE hereby incorporates by reference each and every allegation

6   contained above of this complaint as though fully set forth herein.

7        70.    ANGEL URIBE is a woman. Defendants subjected them to unwelcome sexual

8   advances, unwelcome sexual touching, comments, insults and degrading and humiliating conduct

9   as described above and/or failed to take steps reasonably calculated to end the sexual harassment of

10  ANGEL URIBE.

11       71.    Defendants' aforesaid unwelcome sexual comments and acts were so severe or

12  pervasive that they created a hostile work environment and adversely affected the terms and

13  conditions of ANGEL URIBE's employment based on their sex, in violation of the Fair

14  Employment and Housing Act, Government Code §12940(j).

15       72.    Defendants' aforesaid acts of harassment were wanton, willful and intentional, and

16  were committed with malicious and reckless disregard for the rights and sensibilities of ANGEL

17  URIBE.

18       73.    As a direct and proximate result of the aforesaid harassment based on sex, ANGEL

19  URIBE's has sustained injuries in the form of emotional stress of the type described in paragraph

20  ___ above, and the loss of compensation, including but not limited to wages and other benefits that

21  she otherwise would have received.

22       74.    Defendants, acting individually and/or by and through their managing agents,

23  officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively,

24  with the wrongful intention of injuring ANGEL URIBE, and acted with an improper and evil

25  motive amounting to malice, and in conscious disregard of ANGEL URIBE's rights. Accordingly,

26  ANGEL URIBE is entitled to recover punitive damages from Defendants in an amount according

27  to proof.

28       75.    ANGEL URIBE are entitled to recover attorneys' fees under Government Code

- 13 -

COMPLAINT

section 12940, et seq. or any other law providing for recovery of attorneys' fees.

76.    WHEREFORE, ANGEL URIBE requests relief as hereinafter provided.

**G.    SEVENTH CLAIM FOR AIDING AND ABETTING SEXUAL HARASSMENT, SEX AND RACE DISCRIMINATION (CALIFORNIA GOVERNMENT CODE §12940(I))**

77.    ANGEL URIBE and GUSTAVO URIBE hereby incorporates by reference each and every allegation contained above of this complaint as though fully set forth herein.

78.    In perpetrating the above-described actions and omissions, Defendants as employers, their agents, servants and/or employees, engaged in a pattern and practice of unlawful aiding and abetting of harassment, discrimination, and retaliation, in violation of the California Fair Employment and Housing Act, California Government Code §12940.

79.    Defendants, their agents, servants and/or employees, attempted to and did in fact, aid, abet, incite, compel and/or coerce their agents, servants and/or employees to engage in unlawful sexual harassment, sex and/or gender discrimination, and race discrimination against the PLAINTIFF, as alleged above.

80.    As a direct and proximate result of the aforesaid harassment and discrimination based on sex and race, ANGEL URIBE and GUSTAVO URIBE have sustained injury.

81.    Defendants' acts were wanton, willful and intentional, and were committed with malicious and reckless disregard for the rights and sensibilities of ANGEL URIBE and GUSTAVO URIBE.

82.    WHEREFORE, ANGEL URIBE and GUSTAVO URIBE request relief as hereinafter provided.

**H.    EIGHTH CLAIM FOR RELIEF FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT, (CALIFORNIA GOVERNMENT CODE §12940)**

83.    ANGEL URIBE and GUSTAVO URIBE hereby incorporate by reference each and every allegation contained above.

84.    Defendants and/or their agents and/or employees, failed to take all reasonable steps necessary to prevent the harassment and discrimination in employment described herein from occurring. Defendants knew or should have known of the sex and race discrimination against

- 14 -

COMPLAINT

1   ANGEL URIBE and GUSTAVO URIBE described above, yet failed to conduct an adequate

2   investigation into the nature and substance of the discrimination and failed to take immediate and

3   appropriate corrective action so as to discipline any of the offenders.

4       85.   The response of Defendants, and/or that of their agents and employees, to the

5   discrimination and harassment described herein was so inadequate as to establish a deliberate

6   indifference to, or tacit authorization of, the alleged offensive practices, and an affirmative causal

7   link existed between Defendants' inaction and the injuries suffered by ANGEL URIBE and

8   GUSTAVO URIBE

9       86.   By failing to take all reasonable steps necessary to prevent discrimination, and by

10   failing to properly investigate and remedy the discrimination that occurred, Defendants committed

11   unlawful employment practices as described in and prohibited by California Government Code

12   §12940(k).

13       87.   In engaging in the aforementioned conduct, Defendants, and each of them, aided,

14   abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the

15   announced policy of this State against such practices.

16       88.   As a direct and foreseeable result of the aforesaid acts of said Defendants, ANGEL

17   URIBE and GUSTAVO URIBE have lost and will continue to lose income and benefits in an

18   amount to be proven at the time of trial. ANGEL URIBE and GUSTAVO URIBE claim such

19   amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or

20   any other provision of law providing for pre-judgment interest.

21       89.   As a result of the aforesaid acts of Defendants, ANGEL URIBE and GUSTAVO

22   URIBE claim general damages for emotional distress of the type described in paragraph __ above

23   in an amount to be proven at the time of trial.

24       90.   Defendants, acting individually and/or by and through their managing agents.

25   officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively,

26   with the wrongful intention of injuring ANGEL URIBE and GUSTAVO URIBE, and acted with

27   an improper and evil motive amounting to malice, and in conscious disregard ANGEL URIBE and

28   GUSTAVO URIBE's rights. Accordingly, ANGEL URIBE and GUSTAVO URIBE are entitled to

- 15 -

COMPLAINT

recover punitive damages from Defendants in an amount according to proof.

91.     ANGEL URIBE and GUSTAVO URIBE are entitled to recover attorneys' fees under California Government Code §12940, el seq., or any other law providing for recovery of attorneys' fees.

92.     WHEREFORE, ANGEL URIBE and GUSTAVO URIBE request relief as hereinafter provided.

**I.      NINTH CLAIM FOR RELIEF:  VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (42 USC 12101 ET SEQ)**

93.     ANGEL URIBE and GUSTAVO URIBE hereby incorporate by reference each and every allegation contained above.

94.     GUSTAVO URIBE requested from Defendants reasonable accommodation for his disabilities which included an inability to work around bleach.

95.     Defendants refused to accommodate his request and forced him to

96.     On information and belief, Defendants are subject to the requirements of the ADA as defined by 42 USC §12101 because they meet the standards for an "Employer" because they continuously had more than 25 employees for more than 20 calendar weeks during the time period in question.

**V.    PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS respectfully pray that this Court:

1.      Award PLAINTIFFS compensatory damages including lost wages and benefits according to proof;

2.      Award PLAINTIFFS emotional distress damages in an amount that a typical or normal person would sustain for the damages caused by Defendants' actions;

3.      Award PLAINTIFFS civil penalties as provided by statute;

4.      Award PLAINTIFFS punitive and exemplary damages according to proof;

5.      Award PLAINTIFF'S attorney fees and costs, including expert witness fees; Pursuant to 42 U.S.C. §2000e-5(k) and California law.

- 16 -

COMPLAINT

6.    Award PLAINTIFFS prejudgment interest on all amounts claimed; and award PLAINTIFFS any other relief that this Court may deem proper

7.    All damages which individual PLAINTIFFS have sustained as a result of Defendants' conduct.

8.    A preliminary and permanent injunction against Defendants and their directors, officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, requiring them to:

-   Desist from engaging in each of the unlawful practices, policies, customs and usages set forth herein;

-   Adopt a lawful policy for preventing and remedying unlawful harassment and discrimination that creates an effective process for the investigation and resolution of harassment and discrimination complaints and forbids unlawful retaliation against complainants; and

-   Create a monitoring and reporting system to ensure that injunctive relief is fully implemented;

9.    A declaratory judgment that the practices complained of in this complaint are unlawful and violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. 5 2000(e), el seq. and California Law.

10.    Costs of litigation incurred by PLAINTIFFS, including reasonable attorneys' fees, to the extent allowable by law;

11.    Pre- and post-judgment interest, as provided by law, in amounts according to proof; and

12.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

13.    Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

14.    Grant such further relief as the Court deems necessary and proper in the public interest.

- 17 -

COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated: September 26, 2012

LAW OFFICES OF MALLISON & MARTINEZ

By:_____

Stan S. Mallison
Hector R. Martinez
Marco A. Palau
Joseph D. Sutton

- 18 -

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV12- 8351 DDP (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY




Marco A. Palau (SBN 242340)
Mallison & Martinez
Attorneys At Law
1939 Harrison Street, Suite 730
Oakland, California 94612
510-832-9999

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Angel Uribe and Gustavo Uribe

**PLAINTIFF(S)**

v.

ALL STATE CLEANING, CLASSEN
ENTERPRISES INC. and CARLOS MUNGUIA

**DEFENDANT(S).**

CASE NUMBER

CV12-08351 DDP(PLAx)

**SUMMONS**

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Marco A. Palau, Mallison & Martinez_, whose address is _1939 Harrison Street, Suite 730, Oakland, California, 94612_.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

**JULIE PRADO**

Dated: September 27, 2012

By: _____

Deputy Clerk

*(Seal of the Court)*

1154

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                              SUMMONS




Marco A. Palau (SBN 242340)
Mallison & Martinez
Attorneys At Law
1939 Harrison Street, Suite 730
Oakland, California 94612
510-832-9999

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Angel Uribe and Gustavo Uribe

PLAINTIFF(S)

v.

ALL STATE CLEANING, CLASSEN
ENTERPRISES INC. and CARLOS MUNGUIA

DEFENDANT(S)

CASE NUMBER

CV12-08351 DDPIPLA

SUMMONS

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Marco A. Palau, Mallison & Martinez_, whose address is _1939 Harrison Street, Suite 730, Oakland, California, 94612_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: September 27, 2012

By: _____
                    Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                    SUMMONS




Marco A. Palau (SBN 242340)
Mallison & Martinez
Attorneys At Law
1939 Harrison Street, Suite 730
Oakland, California 94612
510-832-9999

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Angel Uribe and Gustavo Uribe

**PLAINTIFF(S)**

v.

ALL STATE CLEANING, CLASSEN
ENTERPRISES INC. and CARLOS MUNGUIA

**DEFENDANT(S).**

CASE NUMBER

CV12-08351 DDP(PLAx)

**SUMMONS**

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Marco A. Palau, Mallison & Martinez_, whose address is _1939 Harrison Street, Suite 730, Oakland, California, 94612_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

JULIE PRADO

Dated: September 27, 2012

By: _____

Deputy Clerk

*(Seal of the Court)*

1154

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                           **SUMMONS**

Marco A. Palau (SBN 242340)
Mallison & Martinez
Attorneys At Law
1939 Harrison Street, Suite 730
Oakland, California 94612
510-832-9999

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Angel Uribe  and  Gustavo Uribe

**PLAINTIFF(S)**

v.

ALL STATE CLEANING, CLASSEN
ENTERPRISES INC. and CARLOS MUNGUIA

**DEFENDANT(S)**

CASE NUMBER

CV12-08351 DDP(PLA)

**SUMMONS**

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Marco A. Palau, Mallison & Martinez_, whose address is _1939 Harrison Street, Suite 730, Oakland, California, 94612_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _September 27, 2012_

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

 

Marco A. Palau (SBN 242340)
Mallison & Martinez
Attorneys At Law
1939 Harrison Street, Suite 730
Oakland, California 94612
510-832-9999

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

Angel Uribe and Gustavo Uribe

PLAINTIFF(S)

v.

ALL STATE CLEANING, CLASSEN
ENTERPRISES INC. and CARLOS MUNGUIA

DEFENDANT(S)

CASE NUMBER

CV12-08351 DDP(PLAx)

SUMMONS

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Marco A. Palau, Mallison & Martinez , whose address is 1939 Harrison Street, Suite 730, Oakland, California, 94612 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

Clerk, U.S. District Court

JULIE PRADO

Dated: September 27, 2012

By: _____
Deputy Clerk

(Seal of the Court)

1154

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].

CV-01A (10/11)                                          SUMMONS

  

Marco A. Palau (SBN 242340)
Mallison & Martinez
Attorneys At Law
1939 Harrison Street, Suite 730
Oakland, California 94612
510-832-9999

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

Angel Uribe and Gustavo Uribe

PLAINTIFF(S)

v.

ALL STATE CLEANING, CLASSEN
ENTERPRISES INC. and CARLOS MUNGUIA

DEFENDANT(S).

CASE NUMBER

**CV12-08351** DDPIPLAX)

SUMMONS

---

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Marco A. Palau, Mallison & Martinez_, whose address is _1939 Harrison Street, Suite 730, Oakland, California, 94612_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _September 27, 2012_

By: _____
          Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11                                   SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| Angel Uribe and Gustavo Uribe | All State Cleaning, Classen Enterprises, Inc. and Carlos Munguia |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Mallison & Martinez 1939 Harrison St., Suite 730 Oakland, CA 94612 510.832.9999 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant  □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify):  □ 6 Multi-District Litigation  □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes  ☑ No  □ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Title VII and Govt. Code 12940

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | □ 530 General | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 535 Death Penalty | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 480 Consumer Credit | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| □ 490 Cable/Sat TV | | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights |
| □ 810 Selective Service | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 850 Securities/Commodities/ Exchange | □ 160 Stockholders' Suits | □ 362 Personal Injury- Med Malpractice | ☑ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 190 Other Contract | □ 365 Personal Injury- Product Liability | □ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| □ 890 Other Statutory Actions | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | □ 196 Franchise | | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | □ 210 Land Condemnation | □ 462 Naturalization Application | | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 220 Foreclosure | □ 463 Habeas Corpus- Alien Detainee | □ 440 Other Civil Rights | □ 690 Other | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | □ 230 Rent Lease & Ejectment | □ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| □ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | |

CV12-08351

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　☐ D.  Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　　Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura | |

*  Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** ___~/v_____    Date  9-26-12

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |